C. C. WALKER AND OTHERS v. THOMAS YOUNG AND OTHERS.

1. When there are children of a marriage and the homestead is community property, the surviving conjugal partner is entitled to retain the homestead, but, if there are no community debts, cannot sell more than his or her half of the property; and if, there being no such debts, he or she have attempted to sell the entire estate, and have delivered possession to the purchaser, the children are entitled to recover from the latter the community interest descended to them from their deceased parent.
2. A surviving husband takes a life estate in one-third of lands which were the separate property of his deceased wife, but not in her moiety of the community lands

APPEAL from Van Zandt. Tried below before the Hon. John G. Scott.

The case is stated in the opinion of the court. Appellants were defendants below. The action was trespass to try title and for partition.

*J. C. Robertson,* for the appellants.

No brief for the appellees.

WALKER, J. Late in the year 1859, William Young, the father of appellees, with his wife and family, emigrated from the State of Georgia, and settled in Texas. Shortly after the arrival of the family here, he purchased the land in controversy, moved upon it, and occupied it as a homestead until some time in January, 1864, when he sold the property to John Owens.

Elizabeth Young, the wife of William and mother of the appellees, died in 1862 or 1863. The father, having sold the property, gave Owens possession, and the appellees bring this suit to recover their mother's share of the community estate.

The jury appear to have found that it was community property. There being no community debts to encumber the estate, the mother's interest in the property descended to her

heirs.    Though the father might have continued to occupy it as a homestead, he could sell no more than his own half of the property ; and having attempted to do this, and abandoned the land, the appellees are entitled to partition.    It is insisted by counsel that there is error in this judgment in that the father was entitled to an inheritance of a life estate in one-third of his wife's interest in the land ; but this is only the case, if the land had been the separate property of the wife.    (Article 4642, Paschal's Digest.)

We do not think the other errors assigned for reversing the judgment are sufficient in law.

The judgment is therefore affirmed.

Affirmed.